United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jean Orta, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-20455-Civ-Scola |
| T-C 701 Brickell, LLC and Jones Lang LaSalle Americas, Inc., Defendants. | ) ) ) ) |

**Order Denying Motion for Voluntary Dismissal**

  Plaintiff Jean Orta seeks to recover damages from Defendants T-C 701 Brickell, LLC and Jones Lang LaSalle Americas, Inc. for injuries she says she sustained when she tripped and fell while exiting an elevator in a downtown Miami office building. (Compl., ECF No. 1-1.) The Defendants removed the case to this Court, from state court, in February 2022 and it is set for trial during the trial period beginning April 24, 2023. Orta, however, now seeks the voluntary dismissal of her case, without prejudice, complaining that the Defendants have thwarted her discovery efforts, leaving her unable "to prosecute her matter to the fullest extent." (Pl.'s Mot., ECF No. 41.) The Defendants oppose the involuntary dismissal, arguing Orta's purported justification for the dismissal is meritless, submitting Orta has failed to diligently litigate her case. (Defs.' Resp., ECF No. 42.)[1] Orta has replied (Pl.'s Reply, 43) and her motion is now ripe for review. After careful evaluation of the record in this case, the parties' briefing, and the relevant legal authorities, the Court **denies** Orta's motion (**ECF No. 41**).

  Orta complains, without specifics, that the Defendants have "failed to produce timely discovery responses and responsive documents." (*See* Pl.'s Mot. ¶¶ 5, 7, 8, 10; Pl.'s Reply ¶¶ 2, 3, 5.) All the while, says Orta, she "has been zealously prosecuting" her case. (Pl.'s Mot. ¶ 4.) In support of her wholly cursory allegations, she refers the Court to nearly 400 pages of emails, without a single pincite, attached to her motion. (Ex. A, Pl.'s Mot. at 7–395.)

  Against this cursory backdrop, is the record. On April 1, 2022, the Court advised the parties that they had failed to timely submit their joint discovery

---

[1] The Defendants, in their response, also seek dismissal of Orta's case with prejudice, under Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A)(v). As the Defendants did not seek this relief in a motion, the Court denies the request. *See Peklun v. Tierra Del Mar Condo. Assoc., Inc.*, 15-CIV-80801, 2015 WL 8029840, at *16 (S.D. Fla. Dec. 7, 2015) (Bloom, J.) (noting that "a party may not seek affirmative relief in a response"); *see also* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."). For the same reason, the Court denies Orta's request for an extension of various deadlines and the trial date, mentioned only in passing at the end of her reply (Pl.'s Reply ¶ 14.)

plan and conference report, ordering them to comply by April 8. (ECF No. 17.) After an extension, based on the replacement of defense counsel, Orta, on behalf of both parties, filed a joint proposed schedule of deadlines and settings. (Jt. Prop. Sch., ECF No. 26.) As the Court pointed out, however, that filing was wholly defective, failing to comply with the Court's order regarding scheduling and neglecting to include any joint discovery plan and conference report at all. (Sch. Order, ECF No. 28, 1.) For the second time, the Court admonished the parties that future violations of the Court's orders could result in sanctions. (*Id.*) Additionally, the Court ordered the parties to submit their missing discovery report by June 22, 2022. (*Id.*) After that deadline too was blown, the Court ordered Orta to show case why the Court should not dismiss her case, pointing out the repeated missteps of counsel, on both sides, and expressing concern that it did not appear Orta was attentively prosecuting her case. (Order to Show Cause, ECF No. 29.) Orta timely responded, blaming her missteps on her misapprehension of the Court's order, representing that she was "prosecuting the case and moving the case forward," and assuring the Court that "compliance issues with past orders have been cured." (Pl.'s Resp. to Order, ECF No. 31.) While the Court accepted Orta's response, discharging the show-cause order, it at the same time warned the parties that "any extensions of the remaining deadlines in this case are unlikely to be granted absent particularly extenuating circumstances." (Order of Disch., ECF No. 32.) In a status report filed a month later, on August 30, Orta, on behalf of the parties, represented that they all "reasonably believe they will be able to complete discovery by the Court's deadline" and that "the parties will work in good faith to complete discovery in compliance with the [C]ourt's deadlines." (Jt. Rep., ECF No. 35, 2.)

  The fact discovery period expired on December 12, 2022. The deadline to complete expert discovery was February 13, 2023. Then, on February 14, Orta filed her motion, complaining to the Court, for the very first time in this now year-long litigation, that the Defendants have repeatedly thwarted her efforts, through vaguely described discovery violations, to prepare for her case. Accordingly, she says, the Court should exercise its discretion to allow her to voluntarily dismiss her case under Rule 41(a)(2). The Court is not persuaded.

  "The Federal Rules of Civil Procedure require an order of the Court to effect a voluntary dismissal of a complaint by a plaintiff when, as here, an adverse party has served an answer or a motion for summary judgment." *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 877 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(a)(2)). While granting or denying such a motion is within the Court's discretion, the Eleventh Circuit has instructed that "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."

*McBride*, 189 F. App'x at 877. Further, in exercising its discretion under Rule 41(a)(2), a district court "must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 877–78. At the same time, the Eleventh Circuit directs that, "when exercising its discretion," a district court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." *Id.* at 878 (cleaned up).

Here, in exercising its discretion to deny Orta's Rule 41(a)(2) motion, the Court notes the following. In a year of litigation, Orta never once sought the Court's intervention regarding a single discovery difficulty. Nor did she ever seek an extension of any of the relevant Court deadlines. Indeed, the fact discovery deadline came and went without a peep. Mediation proceeded without protestation, as did the deadline for dispositive motions. Indeed, as late as July 2022, Orta represented that she was prosecuting her case and that the litigation was moving forward. Thereafter she then advised the Court, at the end of August, that the parties reasonably believed they would be able to timely complete discovery. And even in her reply here, Orta acknowledges that the Defendants have responded to her request for production and interrogatories. (Pl.'s Reply ¶ 8.) It is only now, when the discovery deadline expired many months ago, that Orta advises—by referencing, without any specificity, nearly 400 pages of emails—that she is unable to proceed. This is not the conduct of a party who is "zealously prosecuting" her case. Instead, the record reveals to the Court that Orta's eleventh-hour attempt to slip out of this case now is "solely motivated" by her desire to avoid a loss at her upcoming trial. *McBride*, 189 F. App'x at 878 (quoting the district court's characterization of the impetus for the plaintiff's motion); *see Merrill Lynch Credit Corp. v. Lenz*, 09-60633-CIV, 2010 WL 2103016, at *2 (S.D. Fla. May 25, 2010) (Cooke, J.) ("[B]y granting Plaintiff's request to dismiss the case now, this Court would allow Plaintiff to extricate itself from a suit, whose outcome is no longer favorable due to its own counsel's negligence and poor lawyering.")

In sum, then, between the advanced stage of this litigation, coupled with Orta's lackadaisical approach to running her case, the Court **denies** her motion to voluntarily to dismiss this action without prejudice (**ECF No. 41**).

**Done and ordered**, in Miami, Florida, on March 31, 2023.

_____
Robert N. Scola, Jr.
United States District Judge